**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

SERGIO CORIA,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

_____/

CRIMINAL CASE NO. 04-CR-20038
CIVIL CASE NO. 19-CV-12922

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO**
**VACATE, SET ASIDE, OR CORRECT SENTENCE and**
**RESPONDENT'S MOTION TO DISMISS**
(ECF Nos. 665, 668)

**I.    RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss (ECF No. 668) be **GRANTED**; that Petitioner's Motion to Vacate (ECF No. 665) be **DENIED**; and that the civil case be **DISMISSED**.

**II.    REPORT**

    **A.    Introduction**

On September 30, 2019, Petitioner Sergio Coria filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 665.) On October 22, 2019, Respondent filed the instant motion to dismiss Petitioner's Motion to Vacate. (ECF No. 668.) Both motions were referred to the undersigned magistrate judge. (ECF No. 670.) These motions are therefore ready for Report and Recommendations without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

### B.     Background

On February 14, 2005, a Second Superseding Indictment charged Petitioner and others with conspiracy to possess with intent to distribute methamphetamine and to distribute methamphetamine under 21 U.S.C. §841(a)(1) and 846. (ECF No. 57.) Coria was released on bond and on March 27, 2006, failed to appear for jury trial, resulting in his bond being forfeited and an arrest warrant issued. (ECF No. 243.) Petitioner was arrested in Mexico and appeared before the undersigned Magistrate Judge on March 27, 2017, at which time he consented to detention pending trial. (ECF No. 639.) Petitioner pleaded guilty, pursuant to a Rule 11 plea agreement, to Count One of the Second Superseding Indictment, conspiracy. (ECF No. 651.) Petitioner was sentenced and on January 8, 2018, Judgment entered sentencing Petitioner to the Bureau of Prisons for 108 months and supervised release for a term of three years. (ECF No.660.) Petitioner did not appeal his conviction or sentence. Petitioner signed the instant motion to vacate sentence on September 20, 2019. (ECF No. 665.) On October 22, 2019, Respondent filed the instant motion to dismiss the Petition based on untimeliness. (ECF No. 668.)

### C.     Analysis and Conclusion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), established a one-year statute of limitations on 2255 petitions, which begins to run on the latest of four possible dates. 28 U.S.C. § 2255(f). It usually runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002). According to Federal

Rule of Appellate Procedure 4(b)(1), a defendant has fourteen days from the entry of judgment to file a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013.) When a petitioner appeals to the Sixth Circuit, the appeal is dismissed, and there is no evidence that the petitioner sought a writ of certiorari to the United States Supreme Court, "[§] 2255's one-year limitation period begins to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). Where there is no evidence that a writ of certiorari was pursued, the limitation period becomes one year after the time for seeking certiorari expired, *i.e.*, one year and 69 days after the appeals court issued its mandate or one year and 90 days after the court of appeals entered its judgment. *Id.*

The one-year period can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In the instant case, since Petitioner did not file an appeal, the motion to vacate sentence should have been filed within one year and fourteen days from entry of judgment, *i.e.*, by January 22, 2019. Accordingly, his petition is untimely and should be dismissed.

Petitioner acknowledges that his Petition is untimely but argues that he should be entitled to equitable tolling because, although he diligently sought them, he was not provided with a copy of his plea agreement or his sentencing transcript from his attorney and finally received the documents from the Court on December 20, 2018. (ECF No.665, PageID.664-665.) Petitioner then asks that the one-year limitation begin on December 20, 2018, making his Petitioner timely.

I suggest that he is not entitled to equitable tolling. A petitioner seeking equitable tolling of the statute of limitations has the burden of establishing two elements: "(1) that he has been

3

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). "Ineffective assistance of counsel does not apply in this context, because [petitioner] possessed no right to counsel in the prosecution of a § 2255 motion." *Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir. 2001). Although Petitioner contends that his untimeliness should be excused because he lacked the documents he needed until December 20, 2018, he offers no explanation for his failure to file the motion in the one-month period between the time he received the documents and the deadline for filing passed on January 22, 2019, he does not offer any explanation for the long delay in filing since that time, and he made no effort to seek an extension of time in which to file his Petition with the Court. I therefore suggest that Petitioner has not shown that he is entitled to equitable tolling. *Blain v. United States*, 766 F. App'x 327 (6th Cir. 2019) (one-year limitation period for filing §2255 motion was not equitably tolled until date Petitioner received what he deemed to be necessary documents from his attorney).

For all these reasons, I recommend that the Respondent's Motion to Dismiss (ECF No. 668) be granted and the motion to vacate sentence (ECF No. 665) be denied.

## III.  REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:   December 9, 2019                     S/ PATRICIA T. MORRIS
                                             Patricia T. Morris
                                             United States Magistrate Judge


**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Sergio Coria #10238-111, Lompoc Federal Correctional Institution, Inmate Mail/Parcels, 3600 Guard Road, Lompoc, CA 93436.

Date: December 9, 2019                       By s/Kristen Castaneda
                                             Case Manager

5