UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff- Respondent,       Case No. 04-20038-05

v.                Honorable Thomas L. Ludington

SERGIO CORIA,

   Defendant-Petitioner.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING IFP ON APPEAL**

On February 14, 2005, a Second Superseding Indictment charged Petitioner and others with conspiracy to possess with intent to distribute methamphetamine and to distribute methamphetamine under 21 U.S.C. §841(a)(1) and 846. ECF No. 57. Coria was released on bond and on March 27, 2006, failed to appear for jury trial, resulting in his bond being forfeited and an arrest warrant issued. ECF No. 243. Petitioner was arrested in Mexico and appeared before the Magistrate Judge on March 27, 2017, at which time he consented to detention pending trial. ECF No. 639. Petitioner pleaded guilty, pursuant to a Rule 11 plea agreement, to Count One of the Second Superseding Indictment, conspiracy. ECF No. 651. Petitioner was sentenced and on January 8, 2018, Judgment entered sentencing Petitioner to the Bureau of Prisons for 108 months and supervised release for a term of three years. ECF No. 60. Petitioner did not appeal his conviction or sentence. Petitioner signed the instant motion to vacate sentence on September 20, 2019. ECF No. 665. On October 22, 2019, Respondent filed the instant motion to dismiss the Petition based on untimeliness. ECF No. 668. Magistrate Judge Morris issued her report and

recommendation on December 9, 2019. ECF No. 675. On January 10, 2020, this Court extended Petitioner's time to object to the report and recommendation until January 21, 2020. ECF No. 679. On January 21, 2020 Petitioner signed his objections to the report and recommendation. ECF No. 680. The Government responded on February 4, 2020. ECF No. 681.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health*

*and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

**II.**

**A.**

Petitioner's first objection is that Magistrate Judge Morris incorrectly concluded that his motion to vacate is untimely. ECF No. 680. His explanation for why his motion should be considered timely is,

> It took basically over a full year of diligent effort and false promises from his attorney to get not a supplement, but any sentencing documents to even review to begin legally researching the plain and procedural errors that happened at sentencing. The 12 month time line should run from the December 20, 2018 date and the motion should be granted and reviewed to correct the errors.
> ECF No. 680 at PageID.4286-4287.

Equitable tolling of the one year AEDPA limitation requires Petitioner to demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418–19 (2005). Further, the Sixth Circuit has held that a petitioner cannot rely on ineffective assistance of counsel in an effort to establish equitable tolling. *Brown v. U.S.*, 2001 WL 1136000 at *3 (6th Cir. Sept. 21, 2001). Petitioner is proceeding pro se and his difficulties communicating with his attorney (Mr. Alan Crawford, presumably his trial counsel) cannot be used as a basis to show an extraordinary circumstance to justify equitable tolling. Petitioner's first objection will be overruled.

**B.**

Petitioner's second objection is that he

> did not believe that he was vague in explaining that he and his family were told initially to wait for over two months for the transcripts to be copied into a printed format by the court recorder. Then over the next 4-6 months of trying to get these documents from his attorney who initially promised to send them, to not answering either his email or phone requests from the petitioner. Then having to discover lastly that he needed to contact the court directly and to arrange payment to have these various documents sent to him. During this entire time he was within the initial 12 month window. There is a history that the court can see from this along with his motion and exhibits that he was diligently along with a financial cost, trying to obtain the documents.
> ECF No. 680 at PageID.4287-4288.

As explained earlier, Petitioner's difficulties with "his attorney" is insufficient for an equitable tolling claim. Petitioner also argues that "To say that a notice could have been sent during the Holiday would have preserved his claim would be incorrect as well. The Sixth circuit in Simmons stated that just a notice without actual claims would be insufficient." *Id.* However, Magistrate Judge Morris did not state the Petitioner could have filed a notice without his claims by the 12 month deadline, but rather remarked that Petitioner failed to even seek an extension of time before his twelve month timeframe had expired. ECF No. 675 at PageID.4264 ("he made no effort to seek an extension of time in which to file his Petition with the Court"). In addition, Petitioner in his original motion stated that his § 2255 motion was filed 9.5 months past the one year deadline. ECF No. 665. Petitioner also fails to demonstrate why he did not file his motion soon after receiving all the necessary documentation in December 2018 but rather waited until September 2019 to file his motion. Petitioner's second objection will be overruled.

**C.**

In Petitioner's third objection, he appears to be arguing the merits of his of underlying motion, that there was plain error that has affected his rights and that "The AEDPA 12 month rule does not apply in this instance." ECF No. 680 at PageID.4288-4289. The only support he provides for his claim that the presence of the alleged plain error is sufficient to overrule AEDPA's

requirements is a reference to FRCP 52(b) and *Rosales-Mireles v. United States*. FRCP 52(b) is a rule of civil procedure that relates to the court's ability to amend its prior judgment on motion from the parties, which is not applicable here. Second, assuming that Petitioner is referencing *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018), that case discussed FRCP 52(b)'s applicability on direct appeal and did not address AEDPA's time limits. Pro se petitions should be construed liberally, but Petitioner has provided no legal support for his assertion that AEDPA's 12 month rule should not apply because he alleges there was "plain error" affecting his "substantial rights." Petitioner's third objection will be overruled.

### III.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336–37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

- 6 -

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted. Petitioner will not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IV.**

Accordingly, it is **ORDERED** that Petitioner's objections to the report and recommendation, ECF No. 680, are **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 675, is **ADOPTED**.

It is further **ORDERED** that Respondent's Motion to Dismiss, ECF No. 668, is **GRANTED**.

It is further **ORDERED** that Petitioner's Motion to Vacate, ECF No. 665, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

Dated: April 29, 2020                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Sergio Coria** #10238-111, LOMPOC FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, 3600 GUARD ROAD, LOMPOC, CA 93436 or first class U.S. mail on April 29, 2020.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager