UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 04-20038-05

v.                                            Honorable Thomas L. Ludington

SERGIO CORIA,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR HOME CONFINEMENT AND FOR RULING ON REQUESTS FOR RELEASE**

On August 2, 2005 Petitioner was indicted by a grand jury on one count of conspiracy with to distribute and possess with intent to distribute methamphetamine. ECF No. 88. Petitioner pled guilty and on January 5, 2018 was sentenced to 108 months imprisonment. ECF No. 660.

Defendant filed a pro se motion to reduce his sentence due to the spread of COVID-19. ECF No. 694. Due to mailing delays caused by COVID-19, the motion was docketed on July 7, 2020, but in accordance with 20-AO-26, the postmark date of May 4, 2020 was used for the filing date. Defendant also filed two letters dated June 23, 2020 (docketed on July 2, 2020) and June 26, 2020 (docketed July 5, 2020) inquiring as to the status of his May 4, 2020 motion. ECF Nos. 692, 693.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of

rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

The Center for Disease Control and Prevention ("CDC") represents that jails and prisons pose an especially high risk for those who are within their walls. *See Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctr. for Disease Control, at 2 (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.[1] It further explains that "[t]here are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited June 12, 2020).

## II.

Defendant explains in his motion that he is seeking to be placed in home confinement. ECF No. 694. Defendant cites the "Cares Act" as the legal authority to seek relief.

After a sentence has been imposed, "[a] district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). 18 U.S.C. § 3582(c) provides that a term of imprisonment may be modified in three circumstances, 1) upon a motion for compassionate release pursuant to § 3582(c)(1)(A), 2) if otherwise permitted

---

[1] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf ("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves, and prisons often create the ideal environment for the transmission of contagious disease.").

by statute or Federal Rule of Civil Procedure 35 pursuant to § 3582(c)(1)(B), or 3) the Sentencing Commission has reduced the sentencing guidelines pursuant to § 3582(c)(2). If a defendant files a motion under § 3582(c)(1)(A), he or she must first exhaust all administrative remedies with the BOP or wait for 30 days to lapse after the warden received the request. This requirement applies even during the COVID-19 pandemic. *United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

The Coronavirus Aid, Relief, and Economic Security Act ("CARES") Act, specified by Defendant, does not provide any authority to the judiciary to reduce or amend Defendant's sentence. The Court commends Defendant for completing 75% of an associate's degree and having no behavior infractions. The Court is also aware of the time sensitive nature of Defendant's request. However, Defendant has not offered a legal rationale for a change in sentence to home confinement. To the extent that Defendant's motion should be construed as a motion for compassionate release, Defendant has not provided evidence that he exhausted his administrative remedies with BOP.

Accordingly, it is **ORDERED** that Defendant's motion for home confinement, ECF No. 694, is **DENIED**.

It is further **ORDERED** that Defendant's Motions, ECF No. 692, 693, are **DENIED**.


Dated: July 10, 2020                                     s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

- 4 -

> PROOF OF SERVICE
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney record herein by electronic means and to **Sergio Coria** #10238-111, LOMPOC FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, 3600 GUARD ROAD, LOMPOC, CA 93436 by first class U.S. mail on July 10, 2020.
>
>                                      s/Kelly Winslow
>                                      KELLY WINSLOW, Case Manager