UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 04-20038-05

v.                                          Honorable Thomas L. Ludington

D-5, SERGIO CORIA,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

On August 2, 2005, Defendant was indicted by a grand jury on one count of conspiracy to distribute and possess with intent to distribute methamphetamine. ECF No. 88. Defendant pled guilty and, on January 5, 2018, was sentenced to 108 months imprisonment. ECF No. 660.

Defendant filed a *pro se* motion to reduce his sentence due to the spread of COVID-19 in May 4, 2020. ECF No. 694. He also filed two letters dated June 23, 2020 (docketed on July 2, 2020) and June 26, 2020 (docketed July 5, 2020) inquiring as to the status of his May 4, 2020 motion. ECF Nos. 692, 693. Defendant's motion was denied. ECF No. 696. On September 17, 2020, Defendant, through counsel, filed a motion for compassionate release. ECF No. 704.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

The Center for Disease Control and Prevention ("CDC") represents that jails and prisons pose "unique challenges for control of [COVID-19] transmission among incarcerated/detained persons, staff, and visitors." *See Guidance for Correctional and Detention Facilities*, Ctr. for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited Sept. 21, 2020).[1] It further explains that "many opportunities exist for [COVID-19] to be introduced into a correctional or detention facility, including daily staff movements; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." *Id.*

## II.

In his motion, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A) (commonly referred to as compassionate release). ECF No. 704. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… if it finds that…extraordinary and compelling reasons warrant such a reduction…

18 U.S.C. §3582(c)(1)(A)(i).

---

[1] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf ("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves, and prisons often create the ideal environment for the transmission of contagious disease.").

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

Defendant states he "requested compassionate release to staff in March and April 2020 within the BOP, more than 30 days ago." ECF No. 704 at PageID.4404. However, Defendant and his counsel have not provided evidence of Defendant's request. Such evidence is necessary for the Court to determine whether Defendant has in fact exhausted his administrative remedies. While the Court is aware of the time sensitive nature of Defendant's request, the Sixth Circuit has clearly stated that defendants must first seek release from the BOP rather than come directly to the courts. Defendant's motion will be denied without prejudice for failure to demonstrate exhaustion of his administrative remedies.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 704, is **DENIED WITHOUT PREJUDICE**.

Dated: September 22, 2020                          s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge