UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 1:04-cr-20038-05

v.                                            Honorable Thomas L. Ludington

SERGIO CORIA,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On August 2, 2005, Defendant was indicted by a grand jury on one count of conspiracy to distribute and possess with intent to distribute methamphetamine. ECF No. 88. Defendant pled guilty and, on January 5, 2018[1], was sentenced to 108 months imprisonment followed by a three year term of supervised release. ECF No. 660. Defendant is housed at Lompoc FCI.

Defendant filed a pro se motion to reduce his sentence due to the spread of COVID-19 in May 4, 2020. ECF No. 694. He also filed two letters dated June 23, 2020 (docketed on July 2, 2020) and June 26, 2020 (docketed July 5, 2020) inquiring as to the status of his May 4, 2020 motion. ECF Nos. 692, 693. Defendant's Motion was denied. ECF No. 696. On September 17, 2020, Defendant, through counsel, filed a motion for compassionate release. ECF No. 704. The Motion was denied without prejudice due to lack of exhaustion. ECF No. 706.

On December 10, 2020, Defendant, through counsel, filed another motion for compassionate release. ECF No. 712. The new motion was denied. ECF No. 717. On May 13,

---

[1] "Once charged, Coria was released on bail and fled to Mexico where he remained for approximately 12 years. Eventually, the Mexican police arrested Coria, who was living under a false name, and turned him over to the FBI." ECF No. 713 at PageID.4576.

2021, Defendant filed a motion for reconsideration. ECF No. 718. For the following reasons, Defendant's Motion for Reconsideration will be denied.

I.

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

II.

In his Motion, Defendant first repeats his earlier discussion about the conditions at Lompoc. He also explains that he was in the hospital on February 4, 2021 when medical staff prevented him "from going into glycemic shock." ECF No. 718 at PageID.4621. He states that he is awaiting transfer to "camp" in the coming month. *Id.* at PageID.4627. Finally, he provides that he has received the COVID-19 vaccine. *Id.* at PageID.4621.

- 3 -

Defendant has not demonstrated a palpable defect in the previous Order. Further, the only new information he includes is the fact of his vaccination, a factor that supports this Court's previous denial of his Motion for Compassionate Release.

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 718, is **DENIED**.


Dated: June 17, 2021                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge