UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 1:04-cr-20038-5

v.                                        Honorable Thomas L. Ludington
                                               United States District Judge

SERGIO CORIA,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

This matter is before this Court upon Defendant Sergio Coria's Motion for Compassionate Release, ECF No. 732. As explained hereafter, his Motion will be denied.

**I.**

In September 2017, through a Rule 11 plea agreement, Defendant pleaded guilty to conspiracy to possess with intent to distribute at least 500 grams of methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846. ECF No. 651. In January 2018, Defendant was sentenced to 108 months' imprisonment and three years' supervised release. ECF No. 660.

In September 2019, Defendant filed a motion to vacate his sentence. ECF No. 665. It was denied in April 2020. ECF No. 688. He filed a motion for home confinement in May 2020 and a motion for release from custody in June 2020; both were denied in July 2020. ECF Nos. 694; 693; 696. In September 2020, he filed a motion for compassionate release, which was denied without prejudice five days later. ECF Nos. 704; 706. In December 2020, he filed another motion for compassionate release, which was denied with prejudice along with the September 2020 motion.

ECF Nos. 712; 717. He filed a motion for reconsideration of the denial, which was also denied. ECF Nos. 718; 721.

Before this Court now is Defendant's third motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)—the seventh attempt to reduce his sentence to some extent. ECF No. 732. The Government opposes his motion. ECF No. 733.

As explained below, Defendant's third motion for compassionate release will be denied because he has demonstrated neither (1) an extraordinary and compelling reason for release, nor (2) that the factors set forth in 18 U.S.C. § 3553 warrant release.

## II.

A motion for compassionate release under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, this Court may deny the compassionate-release

motion without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.

### A.

The first issue is whether, before filing his Motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

Defendant requested compassionate release from the BOP on October 6, 2021. *See* ECF No. 732 at PageID.4802–03. Accordingly, Defendant has exhausted his administrative remedies with the BOP. *See* 18 U.S.C. § 3582(c)(1)(A).

### B.

The next question is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Although Congress did not define "extraordinary and compelling reasons," the United States Sentencing Commission has identified several "extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define

'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). Recently, the Sixth Circuit endorsed a textual analysis requiring courts to apply the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when § 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling," as that language is commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant advances three reasons for compassionate release: (1) the CARES Act, (2) COVID-19, and (3) his five underlying health conditions. ECF No. 732 at PageID.4793–94. Whether considered independently or in combination, those reasons are neither extraordinary nor compelling.

i.

Defendant relies on the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281, 516 (Mar. 27, 2020) to be his first extraordinary and compelling reason for release. Other than a purported "broader latitude," Defendant does not explain, to any extent, how the CARES Act is an extraordinary or compelling reason for release. ECF No. 732 at PageID.4794. The Government explains that the CARES Act

"temporarily permits the Bureau of Prisons to 'lengthen the maximum amount of time for which [it] is authorized to place a prisoner in home confinement' during the Covid-19 pandemic." ECF No. 733 at PageID.4812–13 (quoting the CARES Act). .

As the Sixth Circuit explained, Congress intended the CARES Act to be "an alternative to compassionate release." *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020). To that end, "the Attorney General has instructed the Bureau of Prisons to make the most of this expanded power by placing in home confinement 'all inmates whom [the Bureau] deem[s] suitable candidates.'" *Id.* (quoting *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19*, Office of the Attorney General (Apr. 3, 2020)).

This Court has "no authority either to determine the place of confinement for a custodial inmate or to direct the BOP in making that determination." *United States v. Hill*, No. 16-20772, 2020 WL 7240901, at *2 (E.D. Mich. Dec. 9, 2020) Indeed, "under section 12001(b)(2) [of the CARES Act and 18 U.S.C. § 3642(c)(2)], '[d]esignation of an inmate's place of confinement, including placement in home confinement, rests within the absolute discretion of the BOP.'" *United States v. Ball*, No. 14-20117, 2020 WL 4816197, at *6 (E.D. Mich. Aug. 19, 2020) (quoting the CARES Act); *see also United States v. Oliver*, No. 17-20489, 2020 WL 2768852, at *1 (E.D. Mich. May 28, 2020) ("Because decisions about where a prisoner will serve his federal sentence are relegated to the United States Bureau of Prisons ('BOP'), with no mechanism for review by the sentencing court, this Court lacks jurisdiction to transfer Oliver to home confinement.").

For this reason, the CARES Act is neither an extraordinary nor compelling reason for compassionate release. And this Court cannot separately grant the relief Defendant seeks under the CARES Act. *See United States v. McWherter*, No. 15-20040, 2020 WL 6469936, at *2 (E.D. Mich. Nov. 3, 2020).

### iii.

Defendant cites the COVID-19 pandemic as an extraordinary and compelling reason for release from prison. ECF No. 732 at PageID.4793–94.

The CDC maintains that the COVID-19 vaccines "are highly effective at preventing severe disease and death, including against the Delta variant." *See Delta Variant: What We Know About the Science*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html [https://perma.cc/C8SK-RJAA]. Similarly, the CDC states that the "[c]urrent vaccines are expected to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant." *Omicron Variant: What You Need to Know*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html [https://perma.cc/SVG4-XQM8].

Despite its adverse effects on Michigan's prisoners, several courts have found that COVID-19 is neither extraordinary nor compelling for purposes of § 3582(c)(1)(A). *United States v. Burlingame*, No. 1:15-CR-20042, 2021 WL 5198510, at *4 (E.D. Mich. Nov. 9, 2021); *see United States v. Bell*, No. 18-20127, 2021 WL 4148251, at *2 (E.D. Mich. Sept. 13, 2021); *United States v. Swarn*, No. 2:14-CR-20599-7, 2021 WL 4077344, at *2 (E.D. Mich. Sept. 8, 2021); *United States v. Proge*, No. 2:12-CR-20052-06, 2021 WL 3857440, at *1 (E.D. Mich. Aug. 30, 2021) ("Nothing about the Delta variant changes the fact that Defendant's 'vaccination status renders his fear of COVID-19 a non-compelling reason to grant him release.'" (quoting *United States v. Wilson*, No. 16-20081, 2021 WL 3417917, at *3 (E.D. Mich. Aug. 5, 2021)). Plus, the Sixth Circuit Court of Appeals has emphasized that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United States*

*v. Traylor*, No. 21-1565, 2021 WL 5045703, at *1 (6th Cir. Nov. 1, 2021) (quoting *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021)).

Defendant proffers no reason to depart from that wisdom. And Defendant has already been vaccinated against COVID-19, and he has received a booster. ECF No. 733 at PageID.4812. Accordingly, Defendant has not demonstrated that COVID-19 is extraordinary or compelling.

**iv.**

Finally, Defendant mentions that he is obese and has high cholesterol, tuberculosis, type-2 diabetes, and hypertension. ECF No. 733 at PageID.4808.

Obesity, high cholesterol, and tuberculosis are known risk factors for COVID-19. *See United States v. Smith*, No. 1:16-CR-20677-8, 2022 WL 391959, at *4 (E.D. Mich. Feb. 8, 2022) (citing *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/4MB5-R8AC]). But even if these ailments are "extraordinary in some sense," they are not compelling. *United States v. Smith*, No. 1:16-CR-20677-8, 2022 WL 391959, at *4 (E.D. Mich. Feb. 8, 2022).

Diabetes is not an extraordinary or compelling reason for compassionate release. *See United States v. Hart*, No. 1:13-cr-20194, 2021 U.S. Dist. LEXIS 200655, at *4 n.2 (E.D. Mich. Oct. 19, 2021) ("But even a *verified* diabetes misdiagnosis by the prison system that resulted in a toe amputation would not likely constitute an extraordinary or compelling reason for release." (citing MICHELLE J. COX, DOCTORS ARE NOT GODS: TAKING RESPONSIBILITY FOR OUR OWN HEALTH AND WELLBEING (2020)).

Defendant's hypertension is neither extraordinary nor compelling. Hypertension is very common. Thomas M. Coffman, *Under Pressure: The Search for the Essential Mechanisms of Hypertension*, 17 NATURE MED. 1402, 1402 (2011) ("High blood pressure, or hypertension, is a

very common disorder . . . ."). But according to the CDC, hypertension is a known risk factor for COVID-19. *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/4MB5-R8AC].

Finally, as explained, Defendant has demonstrated his resilience against COVID-19 by being vaccinated and receiving a booster. *See* discussion *supra* III.B.iii.

For those reasons, Defendant's health conditions are not extraordinary or compelling.

v.

Similarly, Defendant's reasons, taken in concert, do not support a sentence reduction. *Lemons*, at 747 ("[T]he combination of grounds for release, none of which independently supports a sentence reduction, does not collectively 'entitle a defendant to a sentence reduction.'" (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021))); *see also United States v. Hunter*, 12 F.4th 555, 563 n.3 (6th Cir. 2021) (declining to determine "how the combination of the factors compounded the reasons for" a sentence reduction when the factors included a non-retroactive change in sentencing law, facts that existed at sentencing, and the defendant's rehabilitation); *United States v. McKinnie*, 24 F.4th 583, 589 (6th Cir. 2022) ("[T]he district court acted within its discretion by declining to find that these aggregate considerations necessitated a sentence modification." (citing *Lemons*, 15 F.4th at 749)).

Therefore, Defendant has not demonstrated an extraordinary or compelling reason for a sentence reduction.

C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

Ordinarily, this Court would decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). But to be thorough, this Court will consider the § 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>         . . . .
> (5) any pertinent policy statement—
>         . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted). Ultimately, the burden is on Defendant

to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

Defendant's case is not compelling. Defendant did an outstanding job addressing the § 3553 factors. *See* ECF No. 732 at PageID.4795–98. But this Court has already denied compassionate release for Defendant after considering the § 3553(a) factors, including the nature of Defendant's offense. *See* ECF No. 710 at PageID.4439. Defendant does not explain why that analysis was flawed.

Defendant is a long-time interstate distributor of methamphetamine to a violent motorcycle gang that murdered one of its own members for being a confidential informant. Defendant's underlying offense is for conspiracy to distribute at least 500 grams of methamphetamine. ECF No. 447. He was sentenced to 300 months' imprisonment and five years' supervised release. *Id.* His sentence was later reduced to 180 months. ECF No. 620. And more than two years after being released from prison, Defendant tested positive for methamphetamines and other drugs. ECF No. 707 at PageID.4417. Defendant's offenses are simply dangerous.

According to his Presentence Investigation Report, Defendant's criminal history includes multiple driving offenses, including an undefined reckless offense, fleeing and eluding police, driving without a valid Michigan registration, providing false evidence of insurance, operating while intoxicated twice, driving with a suspended license twice, fleeing and eluding, failing to signal traffic, and operating a vehicle with a revoked, suspended, or denied driver's license. He was also convicted of disorderly conduct and misdemeanor larceny. Defendant poses a danger to

others and the community due to his criminal history, which also demonstrates his tendency to rebuke law enforcement.

Defendant has also demonstrated his lack of remorse and responsibility for his crimes. After his first appearance, Defendant fled to Mexico to avoid prosecution and remained there for approximately 12 years until the Mexican police arrested him and placed him into the custody of the FBI. His drug-distribution conviction, especially when considered in connection with his international flight, shows that his already reduced 120-month sentence is substantially justified. His conviction also demonstrates that he is dangerous, as contemplated under USSG § 1B1.13(2), which continues to "guide" this Court's analysis. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). And his decade-long disappearing act shows that if he commits another crime, despite his low risk of recidivism, he will likely flee the country again. As indicated, the justice system's "essential" interest in finality immeasurably weighs against Defendant's release. *See Teague v. Lane*, 489 U.S. 288, 309 (1989).

Defendant's Motion is well written. However, a sentence reduction is not warranted at this time. Given the seriousness of his underlying offense, his criminal history, his propensity to flee, and the "need to afford adequate deterrence," *see* 18 U.S.C. § 3553(a), Defendant should continue to serve his sentence.

For these reasons, Defendant has not carried his burden to convince this Court that his § 3553(a) analysis would be different today; the § 3553(a) factors do not warrant a sentence reduction. *See* Alyssa C. Hennig, Note, *An Examination of Federal Sentencing Guidelines' Treatment of MDMA ("Ecstasy")*, 1 Belmont L. Rev. 267, 272 (2014) ("Section 3553(a)(2) requires that a defendant's sentence be 'sufficient, *but not greater than necessary*.'" (quoting 18 U.S.C. § 3553(a))) Consequently, his Motion will be denied.

- 12 -

**IV.**

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 732, is **DENIED WITH PREJUDICE**.

Dated: March 17, 2022     s/Thomas L. Ludington
                          THOMAS L. LUDINGTON
                          United States District Judge